CAROTHERS ET AL. *v.* THE CITY OF CINCINNATI
ET AL.

*Contracts — Evidence to establish — Records of municipal council — Agreement between village and property owner.*

Where an alleged contract between a village council and a property owner is denied by the latter, a recital in the minutes or records of the council that it has such a contract, and legislation enacted in respect thereto, are not sufficient to establish the existence of such contract.

(Decided January 11, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Frank M. Coppock* and *Mr. J. R. Jordan,* for plaintiffs.

*Mr. Charles A. Groom* and *Mr. Clifford F. Cordes,* for defendants.

LIEGHLEY, J. In June, 1903, Pauline B. Lodder was the owner of all the lots in an allotment in the village of Hyde Park. During that month the village council passed an ordinance declaring its policy to be not to improve streets in the absence of a contract with the owners of abutting lots to pay the assessments levied under the proceedings of council. On July 1, 1903, an ordinance was passed by the village council declaring it necessary to improve Millsbrae avenue in said allotment, and that seventy-five per cent. of the cost of improvement should be assessed upon abutting property. The records of the village recite that on July 13, 1903, an agreement signed by Pauline B. Lodder, agreeing to pay seventy-five per cent. of the cost of said improve-

ment, and waiving notices, was received and filed, and on the same date an ordinance determining to proceed with the improvement and to assess seventy-five per cent. of the cost upon abutting property was passed. Between this date and October 24, 1904, the village of Hyde Park was annexed to the city of Cincinnati, and the plaintiffs herein became Pauline B. Lodder's successors in title to a number of lots abutting on said avenue and said proposed improvement. On the last-mentioned date the city of Cincinnati passed an assessing ordinance levying for the purposes of said improvement an amount equal to thirty-three per cent. of the tax value of the abutting property on said avenue, which amounts were thereafter paid by the respective lot owners.

On May 8, 1905, the council of the city of Cincinnati passed Ordinance No. 883, attempting thereby to assess on the abutting property on said avenue an amount equal to the difference between thirty-three per cent. of the tax value of the abutting property and seventy-five per cent. of the cost of the improvement, and reciting in said ordinance the fact of an agreement between the village of Hyde Park and Pauline B. Lodder, to the effect that she would pay seventy-five per cent. of the cost of the improvement, that the improvement was ordered and made upon the strength of said agreement, that the original assessing ordinance of October 24, 1904, was inadvertently and by mistake limited to one-third of the tax value of the real estate abutting on said avenue, that said original assessing ordinance was passed in ignorance of the existence of said agree-

ment, and that the same had been mislaid or lost
during the process of annexation.   The plaintiffs
herein in this proceeding in the court below sought
to restrain the collection of this assessment.   The
trial below resulted in a finding of the equities in
favor of the plaintiffs, and the defendants were per-
petually enjoined from collecting from the plaintiffs
or their said lots the whole or any part of the assess-
ment covered by the ordinance of May 8, 1905.

We deem it unnecessary to consider all of the
many questions raised in the briefs.   We consider
it sufficient to direct our attention to but one.

The amended answer of defendants sets forth an
alleged agreement above referred to between the
village of Hyde Park and Pauline B. Lodder to the
effect that she petitioned the village council to au-
thorize the said improvement and agreed to pay
seventy-five per cent. of the cost thereof.   The reply
filed thereto by plaintiffs denies generally the exist-
ence of said agreement, and an issue was thereby
raised for the determination of the court.   The ex-
istence of said agreement is indispensably essential
to establish the right of the city to levy and collect
the additional assessment from the plaintiffs herein,
for the then existing statutory limitation was thirty-
three per cent. of the tax value of the property.   We
are not deciding that the assessment would be valid
as against these plaintiffs if this contract were estab-
lished by the proof, but unless the proof does estab-
lish it, under the circumstances of this case, the col-
lection of the assessment should be restrained.

The case is submitted to us upon an agreed state-
ment of facts.   As stated, the pleadings put in issue

the question of the existence of any such contract as claimed by the defendants. The statement of facts does not include any statement to the effect that such contract in fact was executed, but reliance for the establishment of the same is placed upon a recital in the minutes or records of the village council under date of July 13, 1903, and references thereto in the legislation enacted in respect to and authorizing said street improvement.

Counsel rely further upon a presumption that the acts of the council were regular and legal and that this presumption is conclusive until overcome by proof. It is urged that the recital in the records of the council of the existence of a contract with Pauline Lodder establishes a binding contract between the village and Pauline B. Lodder. True it is that the records of the council are presumed regular and legal in respect to any acts done by it and legislation passed by it, but a recitation in its records that it has a contract with a third person, a stranger to the council, can not have the effect of establishing in a court of justice the fact that such a contract existed, in the trial of a case in which the answer sets up by way of defense the existence of a contract, and the existence thereof is denied by the reply. *State of Ohio* v. *Born,* 85 Ohio St., 430.

We therefore find the equities in favor of the plaintiffs, and the defendants and each of them are perpetually enjoined from collecting from the plaintiffs, or either of them, or from the lots of land owned by them, or either of them, said assessment or any portion thereof covered by said ordinance

No. 883, passed under date of May 8, 1905, by the council of ᵗthe city of Cincinnati.

*Judgment for plaintiffs.*

GRANT and CARPENTER, JJ., concur.

Judges of the Eighth Appellate District, sitting in place of Judges JONES, GORMAN and HAMILTON of the First Appellate District.